UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT GINSBACH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:16-cv-02986-TWP-DML ) |
| RACHELL BULLOCK, TARA WRIGHT-TIMBERLAKE (in her professional position as Asst. Law Director, and as counsel for Rachell Bullock), DONOVAN HILL, TERESA J. BROWN, LINDA KATE, JOY REED, LISA RIGGS, MERIDIAN HEALTH SERVICES, BARBARA SCHWARTZ, CHRYSALIS COUNSELING CENTER INC., | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Motion, Dismissing Complaint, and Directing Plaintiff to Show Cause**

This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* and for screening, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will address each matter in turn.

**I.** *In Forma Pauperis*

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted** to the extent that he shall be permitted to pay the $350.00 filing fee in seven (7) monthly installments of $50.00. The first $50.00 payment shall be made to the Clerk of the Court **not later than December 8,**

**2016.** Failure to make these payments as directed may subject the action to dismissal for failing to prosecute the action by paying the filing fee.

## II. Screening

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The plaintiff, Robert Ginsbach, lives in Muncie, Indiana. He brings claims of intentional infliction of emotional distress and other state law claims against ten (10) defendants, whom he reports are citizens of Ohio and Indiana. He also brings a civil rights claim, 42 U.S.C. § 1983, against three of the defendants. The defendants are: 1) Rachell Bullock of Ohio; 2) Tara Wright-Timberlake of Ohio; 3) Donovan Hill of Ohio; 4) Teresa J. Brown of Indiana; 5) Linda Kate of Ohio; 6) Joy Reed of Ohio; 7) Lisa Riggs of Indiana; 8) Meridian Health Service of Indiana; 9) Barbara Schwartz of Ohio; and 10) Chrysalis Counseling Center, Inc. of Ohio. The allegations in the complaint are not clear, however it appears the claims surround a family law matter regarding to Ginsbach and his son, interference with custody, fraud and failing to file criminal charges. For relief, Mr. Ginsbach request that the Court order the return of his son, order termination of employment for some of the defendants' and compensatory damages.

The first question that must be addressed is whether this Court has subject matter jurisdiction. Most of the claims asserted in the complaint are state law claims. It is not clear because the complaint lacks sufficient factual allegations, but it appears that Mr. Ginsbach's claims arose out of incidents that occurred in Ohio. Federal district courts such as this are "courts of limited jurisdiction." *Healy v. Metropolitan Pier & Exposition Auth.*, 804 F.3d 836, 845 (7th

Cir. 2015). They have original "federal question" jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have "diversity" jurisdiction of all civil actions which meet two requirements: First, there must be "complete diversity" between all named plaintiffs and all named defendants, meaning that "no plaintiff may be a citizen of the same state as any defendant." *Altom Transport, Inc. v. Westchester Fire, Ins. Co.,* 823 F.3d 416, 420 (7th Cir. 2016); *see also* 28 U.S.C. § 1332(a)(1). Second, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

The Court also lacks jurisdiction over domestic relations matters. *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (reaffirming the "domestic relations exception" to exercising diversity jurisdiction and noted that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Jones v. Brennan,* 465 F.3d 304, 306 (7th Cir. 2006) (the domestic-relations exception "denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court"). The complaint as presented is **dismissed for lack of jurisdiction.**

Even if it were not apparent that Mr. Ginsbach's claims are based on domestic relations matters, the complaint lacks sufficient factual allegations setting forth what happened, when, where, and by whom. The complaint primarily lists various labels of claims without adequate facts.

In addition, a judge (such as Defendants Linda Kate and Joy Reed), "has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin*

*v. Gage,* 636 F.3d 834, 838 (7th Cir. 2011); *see also Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Therefore, the claims against these defendants would also be barred by their immunity to suit.

Mr. Ginsbach alleges that some of the defendants violated 18 U.S.C. § 242. A criminal statute such as this does not provide a private cause of action for civil liability. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form the basis of a civil suit). Any claim based on Title 18 is **dismissed for failure to state a claim upon which relief can be granted.**

The complaint is deficient in the ways set forth above. "[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the Court lacks subject matter jurisdiction and the complaint fails to state a claim upon which relief can be granted. The complaint is therefore **dismissed pursuant to 28 U.S.C. § 1915(e)(2)**.

### III. Further Proceedings

The plaintiff shall have **through December 8, 2016,** in which to **show cause** why this action should not be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

The **clerk shall update the docket** to reflect the spelling of the plaintiff's address as "Piccadilly Road."

Date: 11/7/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT GINSBACH, 6310 East Piccadilly Road, Muncie, IN 47303

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.